NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF THE UFCW LOCAL 152 HEALTH AND WELFARE FUND FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AVON FOOD, INC.,<br><br>Defendant. | Civil No. 17-2178 (RBK/KMW)<br><br>**OPINION** |

**Kugler,** United States District Judge:

This suit arises from Avon Food, Inc.'s ("Defendant") alleged failure to remit contributions under a Collective Bargaining Agreement ("CBA") between Defendant and UFCW Local 152 ("Plaintiff"). Plaintiff brings this suit against Defendant to reduce to judgment the alleged delinquent contributions. Presently before the Court is Plaintiff's motion for entry of default judgment against Defendant (Doc. No. 7). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff avers that Defendant has failed to remit contributions under a CBA between the parties. (Pl. Aff. at 2). Plaintiff brought this suit against Defendant on March 31, 2017. (Compl.). Defendant was served on April 9, 2017. (Pl. Aff. at 2). The Clerk entered a default against Defendant for failure to plead or otherwise defend this action on May 16, 2017. Plaintiff moved

for default judgment on June 22, 2017. (Doc. No. 5). Defendant sent this Court a letter dated July 15, 2017 requesting its release from litigation, but has otherwise not made an appearance or responded to the instant motion.

**II. STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

## III. DISCUSSION AND ANALYSIS

### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, this Court's jurisdiction was invoked pursuant to Section 502(e)(1) and (f) and 515 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1) and (f), § 1145, and § 301 of the Labor Management Relation Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331. This Court thus has subject-matter jurisdiction over the instant action—there is federal question jurisdiction.

We must also determine whether there is personal jurisdiction over Defendant. The alleged breach took place in New Jersey and Defendant maintained and continues to maintain a principal place of business in New Jersey. This Court has personal jurisdiction over the Defendant in the form of general jurisdiction because Defendant has "continuous and substantial" contacts with the forum state. *See Provident Nat'l Bank v. Fed. Sav. & Loan Ass'n* 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted).

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant was properly served with a summons in March 2017 and has made no attempt to answer or defend the action before the

Clerk appropriately issued the entry of default under Rule 55(a) on May 16, 2017. Defendant did, however, mail this Court a letter dated July 17, 2017 requesting its release from this litigation.[1]

*iii. Fitness of Defendants to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, Plaintiff's counsel avers that Defendant is a corporation—neither an infant nor an incompetent person. (Pl. Aff. at 2). Counsel states this upon information and belief, and his good faith affirmation is sufficient to comply with Rule 55(b)(2). *See Firstbank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010).

*iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)).

Plaintiff's complaint is decidedly bare-bones, but is nevertheless sufficient. Plaintiff maintains that Defendant did not remit its required contributions to Plaintiff's Funds pursuant to CBA obligations. (Compl.). Defendant is party to this CBA, and the CBA gives the Plaintiff the

---

[1] This Court must ignore Defendant's July 17, 2017 letter. As a corporation, Defendant generally must be represented by counsel. *See Globe Media Grp., LLC v. Cisneros*, 403 N.J. Super. 574, 577 (App. Div. 2008); *Olympic Indus. Park v. P.L., Inc.*, 208 N.J. Super. 577, 580-81 (App. Div. 1986). Accordingly, the Court will ignore this letter.

right to an annual audit. (*Id.*). Plaintiff's audits found deficiencies. (*Id.*). Plaintiff informed Defendant that there were deficiencies and repeatedly asked for payment, but Defendant refused to pay. (*Id.*). In short, the complaint offers a coherent factual story about what happened and why Plaintiff is entitled to relief. Accordingly, the Court finds that the allegations set forth in the complaint to recover unpaid contributions are sufficient to state a claim against Defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.").

*v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.,* Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr.18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, there is no showing that Defendant has a cognizable defense to Plaintiff's claim for deficient contributions. Defendant has filed one letter which, as discussed in footnote 1, this Court must ignore. Second, because Defendant has failed to answer the complaint or otherwise appear, Plaintiff suffers prejudice if it does not receive a default judgment because it has no alternative means of vindicating its claim against the defaulting party. *See Directv v. Asher*, 2006 WL 680533, at *2. Third, Defendant's failure to properly respond permits, but does not compel, the Court to draw an inference of culpability on its part. *See Surdi v. Prudential Ins. Co. of Am.*,

No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). The *Emcasco* factors therefore weigh in favor of entering default judgment.

*vi. Conclusion*

Entry of default judgment is left primarily to the discretion of the district court. For the reasons discussed above, default judgment is appropriate.

**B. Damages**

1. *Damages under the CBA and ERISA*

The damages alleged in this case are sum certain. Plaintiff maintains that there is now due and owing from Avon the following sums under the CBA:

Contributions (1/2009-12/2015 audits): **$80,582.61**
Interest: **$19,573.63**
Audit Costs: **$334.18**
Liquidated Damages[2]: **$16,116.51**
Total Amount Due to 152 Health and Welfare Fund: **$116,606.95**

Contributions (short paid 1/2016-1/2017): **$2,182.16**
Interest: **$113.59**
Liquidated Damages: **$436.40**
Total Amount Due to 152 Retail Meat Pension Fund: **$2,732.15**

Contributions (1/2009-12/2015 audits): **$50,432.37**
Interest: **$16,074.93**
Audit Costs: **$544.18**
Liquidated Damages: **$10,086.46**
Total Amount Due to 152 Retail Meat Pension Fund: **$77,137.94**

[2] The amount of liquidated damages represents 20% of the amount of the late payments, which is provided for pursuant to the CBA.

2. *Costs and Attorney Fees*

Under ERISA, specifically 29 U.S.C. § 1132(g)(2), Plaintiff is entitled to reasonable attorney's costs and fees brought to enforce § 1145. Thus, in this case, the attorney's costs and fees can be included in damages.

The affidavit submitted by Plaintiff's counsel substantially complies with Local Civil rules 54.1 and 54.2. The attorney's fees total $3,115.00 (at a rate of $200 per hour for counsel and $75 per hour for counsel's paralegal) and costs total $412.50. Given the facts and nature of this case, the combined bill of $3,527.50 is reasonable.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for default judgment against Defendant is **GRANTED**. Plaintiff is entitled to a total judgment of $200,004.34 in damages. An appropriate order shall issue.

Dated: 01/10/2018

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge