UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| TRUSTEES OF THE UFCW LOCAL 152 HEALTH AND WELFARE FUND FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> AVON FOOD, INC., <br><br> Defendant. | Civil No. 17-2178 (RBK/KMW) <br><br> **OPINION** |

**Kugler**, United States District Judge:

This matter is before the Court on Defendant Avon Food, Inc.'s motion to vacate default judgment and Defendant's motion for order to show cause to stay collection pending resolution of the motion to vacate. (Doc. Nos. 18, 19.) For the reasons below, Defendant's motion to vacate default judgment is **DENIED**, and Defendant's motion for order to show cause is **DENIED AS MOOT**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Trustees of the UFCW Local 152 Health and Welfare Fund and Trustees of the UFCW Local 152 Retail Meat Pension Fund ("Plaintiffs") filed this action against Defendant on March 31, 2017, claiming that Defendant failed to remit contributions for the benefit of its employees under a Collective Bargaining Agreement ("CBA") between Defendant and Plaintiffs. (Doc. No. 1 ("Compl.").) Defendant company is owned and operated by Mr. Manjit "Manny" Singh. (Doc. No. 18-2 at ¶ 3.)

1

As alleged in the Complaint, Plaintiffs conducted a payroll audit under the CBA and discovered that Defendant was delinquent on various required contributions. (Compl. at ¶¶ 15–17.) Plaintiffs repeatedly sent letters notifying Defendant of the unpaid contributions and requesting payment, but Plaintiffs' attempts proved fruitless. (*Id.* at ¶ 17.)

Plaintiffs then filed this lawsuit for failure to remit contributions, and Defendant was properly served on April 9, 2017. (Doc. No. 4.) After Defendant failed to respond or otherwise defend against the Complaint, the Clerk entered a default against Defendant on May 16, 2017. Thereafter, Plaintiffs moved for default judgment, which this Court granted on January 11, 2018. (Doc. Nos. 7, 10–11.) Five months later, on June 8, 2018, Defendant finally entered an appearance, which came four days after the Court ordered BB&T Bank to release funds owed to Plaintiffs. (Doc. Nos. 15, 16, 17.) Three days after finally appearing, Defendant filed this motion to vacate the default judgment. (Doc. No. 18 ("Def.'s Br.").) Mr. Singh now avers that he, on behalf of the Defendant company, did not reply to any correspondence because "Defendant lacks the understanding of the legal requirements, has misunderstood the consequences of not timely filing an Answer or Motion to Dismiss, and had to save money in order to afford legal representation." (*Id.* at ¶¶ 3–4.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) permits a court to vacate a default judgment in accordance with Federal Rule of Civil Procedure 60(b)—a decision left to the trial court's discretion. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Rule 60(b) allows a court to set aside a default judgment for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or

> misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Defendant fails to identify which specific portion of Rule 60(b) Defendant believes applies. But having reviewed Defendant's submissions, the Court finds that only Rule 60(b)(1) could plausibly apply, particularly in light of Defendant's claim that Defendant ignored the filings due to a "lack[] [of] understanding of the legal requirements," a "misunderst[anding] [of] the consequences of not timely filing an Answer or Motion to Dismiss," and a need "to save money in order to afford legal representation." (Def.'s Br. at ¶ 4.) And although Defendant fails to specifically invoke Rule 60(b)(6), the Court will extend Defendant the benefit of the doubt and analyze the claim under it as well, given that the Third Circuit disfavors default judgments. *See U.S. Currency*, 728 F.2d at 194.

Under Rule 60(b)(1), a court considers three factors in exercising its discretion to uphold or vacate a default judgment: (1) whether vacating the judgment will prejudice the plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *Id.* at 195. Those seeking relief under Rule 60(b)(6), by contrast, must demonstrate that extraordinary circumstances justify relief. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008); *Smith v. Kroesen*, No. 10-cv-5723, 2016 WL 5402211, at *2 (D.N.J. Sept. 27, 2016) ("For a motion based on Rule 60(b)(6), the three-part test does not apply, and instead a court must consider whether the defendant has demonstrated the existence of 'extraordinary circumstances' that justify reopening the judgment."). As explained below, Defendant cannot obtain relief under either provision, and the default judgment must stand.

## III. DISCUSSION

A. Rule 60(b)(1)

Defendant is not entitled to relief under Rule 60(b)(1) because Defendant has not alleged any meritorious defenses and Defendant's failure to respond was the result of Defendant's culpable conduct. Thus, even if Plaintiffs will not be prejudiced by vacating the default judgment, the factors support upholding the default judgment.

1. Meritorious Defenses

Defendant has not shown that it has a meritorious defense. *See U.S. Currency*, 728 F.2d at 195 (explaining that there "would be no point in setting aside the default judgment" without showing a meritorious defense). A meritorious defense is shown if the "allegations of defendant's answer, if established on trial, would constitute a *complete* defense to the action." *Id.* (emphasis added).[1] The movant must state grounds for its alleged defense with "some specificity." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). "[S]imple denials or conclusionary statements" are insufficient. *U.S. Currency*, 728 F.2d at 195. In assessing the claimed defense, courts must consider its "substantive sufficiency" and may not "merely facially scrutinize[]" it. *Harad*, 839 F.2d at 982; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (explaining that although a court need not decide the legal issue at this stage, the meritorious defense test requires a court to "look at the substance of that defense to determine whether it is meritorious"). Here, Defendant alleges four defenses. None of them are meritorious.

---

[1] Defendant has not filed a proposed answer with its submissions as required. *See Gov't Employees Ins. Co. v. Hamilton Health Care Ctr. P.C.*, No. 17-cv-0674, 2018 WL 2383153, at *6 (D.N.J. May 25, 2018) (citing cases). Despite this procedural infirmity, substantive reasons exist to deny Defendant's motion based on the meritorious defenses alleged in Defendant's brief and accompanying certification from Mr. Singh.

i. Defense One

First, Defendant claims that "Avon Foods, Inc. has and continues to be in compliance with the Collective Bargaining Agreement between Avon Foods, Inc. and Plaintiffs." (Def.'s Br. at 5, 8.) This is merely a flat denial of Plaintiffs' claim—that Defendant failed to properly remit payments under the CBA. (Compl. ¶¶ 14, 18, 19.) Because Defendant's assertion is simply a "[s]elf-serving conclusory statement" lacking the requisite specificity, *Smith*, 2016 WL 5402211, at \*3, the Court finds this alleged defense "facially unmeritorious," *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987), particularly under the circumstances of this case, in which Plaintiffs supported their motion for default judgment with documentation showing their entitlement to the contributions claimed. Defendant's conclusory claim does not convince the Court of the contrary.

ii. Defense Two

Second, Defendant asserts that "Avon Foods, Inc. has and continues to properly remit contributions to be made to the Local 152 Funds on behalf of employees of [Defendant], and that Defendant is not aware of any requirement that [it] would still have to pay into the fund after the retirement of an employee." (Def.'s Br. at 5, 8.) Without more, neither part of this assertion is sufficient to show a complete defense. Like its first defense, Defendant's claim that it has and continues to properly remit contributions is conclusory and not meritorious, particularly when Plaintiffs supported their motion for default judgment with documentation showing entitlement to the contributions claimed.

Defendant's passing claim that it was unaware of an obligation to pay contributions for employees post-retirement falls equally flat. Defendant's undeveloped assertion seems to imply that Defendant is required to pay contributions under the CBA, but not for employees once they

retire. Defendant appears to further imply that either Defendant is mistaken as to the nuances of its contractual obligations to pay contributions, or that Plaintiffs are instead mistaken in seeking some or all of them. Whatever Defendant means to suggest, this alleged defense is devoid of the necessary factual specificity for the Court to determine its relevance or its potential impact on the underlying claim. As the court made clear in *Smith*, "[a] defense must be more than hypothetical or possible." *Smith*, 2016 WL 5402211, at *3. This defense is exactly that. Accordingly, Defendant has not alleged a sufficient factual basis to convince the Court that these claims could constitute a complete defense if given the opportunity to proceed.

### iii. Defense Three

Third, Defendant states that "Avon Foods, Inc. is routinely audited by the Plaintiffs, received correspondence confirming compliance with the agreement, and it was never signaled to Mr. Singh or [Defendant] that problems purportedly existed during the timespan in which Plaintiffs now claim (thereby creating estoppel arguments)." (Def.'s Br. at 5, 8.) In fact, Defendant suggests that it corrected any past problems of which it was notified. (*Id.*) Noticeably absent from Defendant's undeveloped parenthetical, however, is any specification of what these "estoppel arguments" are, lest any explanation or analysis of why they would constitute a complete defense in this case. The Court notes that it is Defendant's burden to show a meritorious defense. *See Reckling v. Okechuku*, No. 07-cv-1699, 2007 WL 2473831, at *7 (D.N.J. Aug. 27, 2007) (explaining that "defendant must carry the burden" of showing a defense with some "specificity").

But given the Third Circuit's preference for hearing matters on the merits whenever practicable, the Court extends Defendant the benefit of all inferences and notes that Defendant may intend to invoke the doctrine of equitable estoppel or the related doctrine of waiver as

defenses here. In other words, Defendant may believe that Plaintiffs are estopped from seeking the claimed contributions—or waived any legal right to seek them—because Defendant received correspondence indicating that Defendant was compliant with the CBA, and Plaintiffs did not inform Defendant during the years in which the deficiencies occurred that Defendant was improperly paying contributions. Yet on this record, neither defense is meritorious.

To claim estoppel as a complete defense, Defendant's allegations, if established at trial, must allow the Court to conclude that: (1) Plaintiffs "engaged in conduct, either intentionally or under circumstances that induced reliance;" and (2) Defendant "acted or changed [its] position to [its] detriment." *Ferry v. Black Diamond Video, Inc.*, No. 15-cv-7723, 2016 WL 3381237, at *10 (D.N.J. June 14, 2016) (quoting *Knorr v. Smeal*, 178 N.J. 169, 178 (2003)). Estoppel only applies "in very compelling circumstances." *Id.* (citation omitted). Here, the Court cannot conclude that Defendant's reference to estoppel constitutes a complete defense because Defendant has failed to provide the Court with any indication of how Plaintiffs' alleged correspondence and failure to signal that problems existed induced reliance, or that Defendant changed its position to its detriment in any way based on that conduct.

Any attempted waiver defense also fails. A waiver involves a "voluntary and intentional relinquishment of a known right." *Knorr*, 178 N.J. at 177. "A waiver, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract or forfeiture of the condition." *Barr v. Harrah's Entm't, Inc.*, 242 F.R.D. 287, 293 n.4 (D.N.J. 2007) (quoting *W. Jersey Title & Guar. Co. v. Indus. Tr. Co.*, 27 N.J. 144, 152–53 (1958)). But Plaintiffs' alleged failure to inform Defendant that "problems" existed does not show a "voluntary and intentional relinquishment" of a right. *See Kennedy Univ. Hosp. v. Darwin Nat'l Assurance Co.*, No. 16-cv-

7

2494, 2017 WL 1352208, at *3 (D.N.J. Apr. 7, 2017) (rejecting waiver defense at summary judgment when, as here, Plaintiff "appear[ed] to contend that the Defendant relinquished its rights because it 'chose not to act'"); *see also Barr*, 242 F.R.D. at 293 n.4 (finding "alleged silence" insufficient to support waiver defense). Defendant also fails to provide the Court with any indication that it secured any alleged waiver through an agreement founded on sufficient consideration. *See id.* Thus, the Court cannot conclude that Defendant's unspecified estoppel or waiver arguments constitute complete defenses on this record.

iv. Defense Four

Lastly, Defendant alleges that "Plaintiffs have vastly overstated any monies owed well and beyond what could potentially be owed." (Def.'s Br. at 5, 9.) Defendant claims any contribution delinquencies "would be approximately $150,000 less than the $200,000.34 that Plaintiffs' [sic] were granted." (*Id.* at 6, 9.) Even assuming that Defendant's argument is not conclusory and is factually correct, it does not constitute a complete defense to the action. As one federal court has stated, "even if this were true, an incorrect amount would not be a complete defense to the action; at most, it would only affect the *amount* of the judgment, not the fact of it." *U.S. Bank Nat'l. Ass'n v. Smith*, No. 14-cv-4324, 2015 WL 437572, at *4 (E.D. Pa. Feb. 3, 2015) (emphasis in original). Therefore, this alleged defense fails.

In sum, none of the asserted defenses are meritorious as alleged, and this deficiency alone warrants denying Defendant's motion. *See United States v. $90,745.88 Contained in Account No. 9506826724*, 465 F. App'x 143, 145 (3d Cir. 2012); *see also Re Cmty. Holdings II, Inc. v. Ecullet, Inc.*, No. 16-cv-304, 2016 WL 5868072, at *4 (D.N.J. Oct. 7, 2016). But because the Third Circuit has "urged district courts to make explicit findings" as to all three required factors, the Court will address the remaining two, only one of which weighs in Defendant's favor. *Id.*

2. Prejudice to Plaintiffs

Unlike above, the second factor—whether Plaintiff will be prejudiced—favors vacating the default judgment. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice" necessary to decline to vacate a default judgment. *Gant v. Advanced Elec., Inc.*, No. 16-cv-1954, 2017 WL 3638762, at *2 (D.N.J. Aug. 23, 2017) (citation omitted). "Factors that contribute to a showing of prejudice to a plaintiff include loss of available evidence, increased potential for fraud o[r] collusion, or substantial reliance upon the judgment." *Id.*

Here, Plaintiffs effectively argue that further delay in recovery on its claim has and will continue to prejudice them, as it must pay beneficiaries, regardless of whether Defendant makes contributions. (Doc. No. 20 ("Pls.' Br.") at 7–8.) But Defendant filed its motion to vacate default judgment five months after the Court awarded default judgment to Plaintiffs, a delay not "egregious enough to constitute prejudice." *Gant*, 2017 WL 3638762, at *2. Although Plaintiffs also claim that documents relating to contributions for certain years "*may* no longer be in existence," (Pls.' Br. at 7 (emphasis added)), that unsupported and equivocal suggestion does not show prejudice.

3. Defendant's Culpability

The final factor—Defendant's culpable conduct—does not support vacating the default judgment. Culpable conduct includes conduct that constitutes "willfulness or bad faith" and is "more than mere negligence." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 142 (3d Cir. 2017). Although "innocent mishaps or mere mistakes" do not show culpable conduct, *Nationwide*, 175 F. App'x at 523, "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious

injury, can satisfy the culpable conduct standard." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984).

Here, Defendant ignored several key communications, including: (1) the March 21, 2017 summons and complaint; (2) the May 15, 2017 request for default; (3) the May 16, 2017 entry of default; (4) the June 22, 2017 motion for default judgment; (5) the January 11, 2018 opinion and order granting default judgment; and (6) the May 29, 2018 motion for garnishment of funds. Defendant does not dispute receipt of such correspondence, and the failure to respond to "key correspondence," like those here, has contributed to a finding of culpability. *See Nationwide*, 175 F. App'x at 523 (holding that defendant's failure to refute receipt of all "key correspondence," and failure to respond to such repeated communications establishes culpability).

In fact, at no time did Defendant request an extension of time to retain counsel, file an answer or motion, or otherwise contact the Court regarding the intention to defend in this case once it could afford representation. Instead, Defendant contacted the Court but one time in a letter that suggests that, contrary to Defendant's claim that Defendant misunderstood and was not familiar with the consequences of not timely responding (Def.'s Br. at ¶ 3, 9), Defendant was in fact aware of the effects an adverse judgment may have in this case.[2] In that letter, Defendant asked that Avon Foods be released from the litigation because the business is small, and "if we are made to pay" the amounts Plaintiffs demanded, the "business will have to liquidate and the current employees will be out of work," and "even a healthy, multi location chain would be impacted by the amount being demanded." (Doc. No. 8 at ¶ 4.) Defendant's suggestion that it

---

[2] The Court ignored this letter in granting the default judgment because as a corporation, Defendant must generally be represented by counsel. (Doc. No. 10 at 4.) But the Court addresses it here, as Defendant relies on it to suggest that Defendant has "limited understanding of legal requirements." (Def.'s Br. at ¶¶ 3, 4.)

misunderstood the effects of not timely responding—and thus, having to pay the amounts demanded—stands on shaky ground considering the content of the summons issued. (Doc. No. 2.) The summons explicitly states: "If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." (*Id.*); *Smith*, 2016 WL 5402211, at *4 n.5 (explaining that Federal Rule of Civil Procedure 4(c)(1) requires such notice to accompany the summons "[i]n anticipation that a defendant may be unaware of what to do when he is served with a complaint").

In any event, Defendant's assertions do not excuse what appears to be an intentional decision to ignore key communications. Defendant asserts that it is a small, unsophisticated company that "is not intimately familiar with legal requirements" and "struggled to obtain sufficient funding to obtain counsel to defend" this case. (Def.'s Br. at 9.) But as noted in *Smith*,

> Even accepting as true that [defendant] had never been sued, was unfamiliar with the documents sent to him, and was never advised to appear in court on a particular date, ignoring legal documents and service of a complaint simply because they were new and unfamiliar cannot absolve a properly served defendant from the ramifications of burying his head in the sand.

*Smith*, 2016 WL 5402211, at *4. Difficulties in procuring representation are similarly insufficient, particularly when, as here, Defendant failed to contact the Court in any way about this difficulty. *See Marks Law Offices, LLC v. Mireskandari*, 704 F. App'x 171, 178 (3d Cir. 2017) (affirming decision denying Rule 60(b)(1) relief because "a conclusory assertion that [defendants] had trouble finding a lawyer—falls woefully short of showing that their failure to appear was beyond their control"). Thus, Defendant's conduct is culpable and inexcusable. This factor weighs in favor of Plaintiffs.

B. Rule 60(b)(6)

Even if Defendant intends to seek relief under Rule 60(b)(6), the default judgment must stand. Rule 60(b)(6) allows a court to vacate a default judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief, the movant must meet a "high" standard. *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014). The movant must show that "extraordinary circumstances" justify vacating the default judgment. *Budget Blinds, Inc.*, 536 F.3d at 255 (explaining that courts should consider whether a movant has shown that "extreme and unexpected hardship will result" if the default judgment is not vacated).

Here, no extraordinary circumstances exist. Contrary to Defendant's suggestion, failure to afford legal counsel has failed to constitute "extraordinary circumstances" in cases far more compelling than here. *See Uwalaka v. New Jersey*, 549 F. App'x 69, 70 (3d Cir. 2014) (affirming district court's decision that refused to find extraordinary circumstances when defendant was on medication due to an illness, in treatment throughout the seven-year period during which he did not file to reopen the case, and claimed that he lacked the financial means during this time to retain legal counsel). Failure to understand legal requirements is similarly insufficient. *See Atkinson v. Middlesex Cty.*, 610 F. App'x 109, 113 (3d Cir. 2015) ("[Defendant] cites no authority for the proposition that confusion about the finality of an order or his alleged personal challenges and efforts to obtain new counsel constitute extraordinary circumstances."). Relief under Rule 60(b)(6) is not warranted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to vacate the default judgment is **DENIED**, and Defendant's motion for an order to show cause is **DENIED AS MOOT**.

Dated: 2/1/2019                            /s/ Robert B. Kugler
                                                                                  ROBERT B. KUGLER
                                                                                  United States District Judge